1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   | THOMAS R. KAUFMAN, Cal. Bar No. 177936
2 | tkaufman@sheppardmullin.com
   | PAUL BERKOWITZ, Cal. Bar No. 251077
3 | pberkowitz@sheppardmullin.com
   | 1901 Avenue of the Stars, Suite 1600
4 | Los Angeles, California 90067-6055
   | Telephone:  310.228.3700
5 | Facsimile:   310.228.3701

6 | Attorneys for Defendants
   | HOMESERVICES LENDING, LLC and
7 | WELLS FARGO BANK, N.A.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | MICHAEL REZA and JEFF UNIACK,      | Case No. CV 14-2487-DMG (MRWx)

12 | Plaintiffs,                        | Assigned to: Hon. Dolly M. Gee

13 | v.                                 | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLAIM FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

14 | HOMESERVICES LENDING, LLC,
   | Doing Business As HOMESERVICES;
15 | WELLS FARGO BANK, N.A.; and
   | DOES 1 through 50, inclusive,      | Complaint Filed:  February 11, 2013

16 | Defendants.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
CLAIM FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

Defendants HomeServices Lending LLC and Wells Fargo Bank, N.A. (collectively, "Defendants") hereby submit their Answer to Plaintiffs Michael Reza and Jeff Uniack (collectively, "Plaintiffs") Second Amended Claim for Damages, Restitution, and Injunctive Relief ("SAC"), as follows:

## PRELIMINARY STATEMENT

Defendants answer the allegations in the SAC on behalf of themselves only, and not on behalf of any other person or entity.  Further, Defendants deny each and every allegation of the SAC not expressly admitted herein.

1.     Answering paragraph 1, Defendants admit that Plaintiffs have brought this action on behalf of themselves to recover wages, damages and penalties under California state law.  Defendants admit that Plaintiffs were employed by Defendant HomeServices Lending LLC ("HSL").  Defendants admit that Todd Johnson was the President of Defendant HSL and was directly responsible for HSL's national operations.  Defendants admit that during Plaintiff Reza's employment with HSL, he held all of the following job titles:  Area Sales Manager and Branch Manager.  Defendants admit that during Plaintiff Uniack's employment with HSL, he held the job title of Branch Manager.  Defendants admit that both Plaintiffs held management roles at HSL.  Defendants deny all the remaining allegations of this paragraph.

2.     Answering paragraph 2, Defendants deny the allegations in this paragraph.

3.     Answering paragraph 3, Defendants deny the allegations in this paragraph.

4.     Answering paragraph 4, Defendants deny the allegations in this paragraph.

5.     Answering paragraph 5, Defendants deny the allegations in this paragraph.

-1-

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
CLAIM FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1      6.      Answering paragraph 3, Defendants deny the allegations in this

2  paragraph.

3                          **THE PARTIES**

4      7.      Answering paragraph 7, Defendants admit that HSL employed Plaintiff

5  Reza from approximately January 1, 2008 to his voluntary resignation on or around

6  August 1, 2012.  Defendants admit that Plaintiff Reza worked as a manager for

7  Defendant HSL throughout Southern California, including San Diego County,

8  Orange County, Los Angeles County, Ventura County and Santa Barbara County.

9      8.      Answering paragraph 8, Defendants admit that HSL employed Plaintiff

10  Uniack from approximately January 1, 2008 to his voluntary resignation on or

11  around January 16, 2012.  Defendants admit that Plaintiff Uniack worked as a

12  manager for Defendant HSL throughout Southern California, including Orange

13  County and Los Angeles County.

14      9.      Answering paragraph 9, Defendants admit that HomeServices Lending

15  LLC conducts business in California and in San Diego County, Orange County, Los

16  Angeles County, Ventura County and Santa Barbara County.  Defendants deny all

17  remaining allegations in this paragraph.

18      10.     Answering paragraph 10, Defendants admit that, during the relevant

19  time period of this lawsuit, HSL was a joint venture of HomeServices of America

20  and Wells Fargo Ventures, LLC.  Defendants deny all remaining allegations in this

21  paragraph.

22      11.     Answering paragraph 11, Defendants deny the allegations in this

23  Paragraph except to the extent the Paragraph states legal conclusions (which

24  Defendants are not required to admit or deny).

25      12.     Answering paragraph 12, Defendants deny the allegations in this

26  paragraph.

27      13.     Answering paragraph 13, Defendants admit the allegations in this

28  paragraph.

-2-

**JURISDICTION AND VENUE**

14.     Answering paragraph 14, Defendants admit that this Court appears to have jurisdiction over Plaintiffs' SAC.  Defendants admit that Plaintiffs seek recovery in excess of the jurisdictional amount required for subject matter jurisdiction.  Defendants deny the remaining allegations in this paragraph.

15.     Answering paragraph 15, Defendants admit that venue is proper with the United States District Court for the Central District of California.  Defendants deny the remaining allegations in this paragraph.

**ANSWER TO FIRST CLAIM FOR RELIEF**

16.     Answering paragraph 18, Defendants incorporate their answers to paragraphs 1 to 15, respectively.

17.     Answering paragraph 17, HSL admits that it employed Plaintiff Reza from on or around January 1, 2008 until his voluntary resignation on or around August 1, 2012.  Defendants deny the remaining allegations in this paragraph.

18.     Answering paragraph 18, HSL admits that it employed Plaintiff Reza from on or around January 1, 2008 until his voluntary resignation on or around August 1, 2012.  Defendants deny the remaining allegations in this paragraph.

19.     Answering paragraph 19, Defendants deny the allegations in this paragraph.

20.     Answering paragraph 20, Defendants deny the allegations in this paragraph.

21.     Answering paragraph 21, Defendants deny the allegations in this paragraph.

22.     Answering paragraph 22, Defendants deny the allegations in this paragraph.

23.     Answering paragraph 23, Defendants deny the allegations in this paragraph.

-3-

24. Answering paragraph 24, Defendants deny the allegations in this paragraph.

25. Answering paragraph 25, Defendants deny the allegations in this paragraph.

26. Answering paragraph 26, Defendants deny the allegations in this paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF

27. Answering paragraph 27, Defendants incorporate their answers to paragraphs 1 to 26, respectively.

28. Answering paragraph 28, Defendants admit that Plaintiff Reza had a personal bank account with Wells Fargo Bank, N.A. Defendants deny the remaining allegations in this paragraph.

29. Answering paragraph 29, Defendants deny the allegations in this paragraph except to the extent the paragraph states legal conclusions (which Defendants are not required to admit or deny).

30. Answering paragraph 30, Defendants deny the allegations in this paragraph.

31. Answering paragraph 31, Defendants deny the allegations in this paragraph.

32. Answering paragraph 32, Defendants deny the allegations in this paragraph.

33. Answering paragraph 33, Defendants deny the allegations in this paragraph.

34. Answering paragraph 34, Defendants deny the allegations in this paragraph.

## ANSWER TO THIRD CLAIM FOR RELIEF

35.     Answering paragraph 35, Defendants incorporate their answers to paragraphs 1 to 34, respectively.

36.     Answering paragraph 36, the provisions of California Labor Code § 221 speak for themselves.  Thus, Defendants are not required to admit or deny.  Defendants deny all remaining allegations in this paragraph.

37.     Answering paragraph 37, Defendants deny the allegations in this paragraph.

38.     Answering paragraph 38, Defendants deny the allegations in this paragraph.

39.     Answering paragraph 39, Defendants deny the allegations in this paragraph.

40.     Answering paragraph 40, Defendants deny the allegations in this paragraph.

## ANSWER TO FOURTH CLAIM FOR RELIEF

41.     Answering paragraph 41, Defendants incorporate their answers to paragraphs 1 to 40, respectively.

42.     Answering paragraph 42, the provisions of California Labor Code §§ 226(a) and 226(e) speak for themselves.  Thus, Defendants are not required to admit or deny.

43.     Answering paragraph 43, Defendants deny the allegations in this paragraph.

## ANSWER TO FIFTH CLAIM FOR RELIEF

44.     Answering paragraph 44, Defendants incorporate their answers to paragraphs 1 to 43, respectively.

45.     Answering paragraph 45, the provisions of California Business and Professions Code Section 17200 speak for themselves.  Thus, Defendants are not

1  required to admit or deny.  Defendants deny the remaining allegations in this
2  paragraph.

3       46.     Answering paragraph 46, Defendants deny the allegations in this
4  paragraph.

5       47.     Answering paragraph 47, Defendants deny the allegations in this
6  paragraph.

7       48.     Answering paragraph 48, Defendants deny the allegations in this
8  paragraph.

9  <u>**ANSWER TO SIXTH CLAIM FOR RELIEF**</u>

10       49.     Answering paragraph 49, Defendants incorporate their answers to
11  paragraphs 1 to 48, respectively.

12       50.     Answering paragraph 50, Defendants admit that HSL employed
13  Plaintiff Uniack from approximately January 1, 2008 to his voluntary resignation on
14  or around January 16, 2012.  Defendants deny the remaining allegations in this
15  paragraph.

16       51.     Answering paragraph 51, Defendants deny the allegations in this
17  paragraph.

18       52.     Answering paragraph 52, Defendants deny the allegations in this
19  paragraph.

20       53.     Answering paragraph 53, Defendants deny the allegations in this
21  paragraph.

22       54.     Answering paragraph 54, Defendants deny the allegations in this
23  paragraph.

24       55.     Answering paragraph 55, Defendants deny the allegations in this
25  paragraph.

26       56.     Answering paragraph 56, Defendants deny the allegations in this
27  paragraph.

28

1    57.    Answering paragraph 57, Defendants deny the allegations in this
2 paragraph.

3    **ANSWER TO SEVENTH CLAIM FOR RELIEF**

4    58.    Answering paragraph 58, Defendants incorporate their answers to
5 paragraphs 1 to 57, respectively.

6    59.    Answering paragraph 59, the provisions of California Labor Code
7 §§ 201 and 202 speak for themselves.  Thus, Defendants are not required to admit or
8 deny.

9    60.    Answering paragraph 60, Defendants deny the allegations in this
10 paragraph.

11    61.    Answering paragraph 61, Defendants deny the allegations in this
12 paragraph.

13    62.    Answering paragraph 62, Defendants deny the allegations in this
14 paragraph.

15    **ANSWER TO EIGHTH CLAIM FOR RELIEF**

16    63.    Answering paragraph 63, Defendants incorporate their answers to
17 paragraphs 1 to 62, respectively.

18    64.    Answering paragraph 64, the provisions of California Labor Code
19 § 221 speak for themselves.  Thus, Defendants are not required to admit or deny.
20 Defendants deny the remaining allegations in this paragraph.

21    65.    Answering paragraph 65, Defendants deny the allegations in this
22 paragraph.

23    66.    Answering paragraph 66, Defendants deny the allegations in this
24 paragraph.

25    67.    Answering paragraph 67, Defendants deny the allegations in this
26 paragraph.

27    68.    Answering paragraph 68, Defendants deny the allegations in this
28 paragraph.

-7-

1

## ANSWER TO NINTH CLAIM FOR RELIEF

2        69.   Answering paragraph 69, Defendants incorporate their answers to

3   paragraphs 1 to 68, respectively.

4        70.   Answering paragraph 70, the provisions of California Labor Code

5   §§ 226(a) and 226(e) speak for themselves.  Thus, Defendants are not required to

6   admit or deny.

7        71.   Answering paragraph 71, Defendants deny the allegations in this

8   paragraph.

9

## ANSWER TO TENTH CLAIM FOR RELIEF

10        72.   Answering paragraph 72, Defendants incorporate their answers to

11   paragraphs 1 to 71, respectively.

12        73.   Answering paragraph 73, the provisions of California Business and

13   Professions Code Section 17200 speak for themselves.  Thus, Defendants are not

14   required to admit or deny.  Defendants deny the remaining allegations in this

15   paragraph.

16        74.   Answering paragraph 74, Defendants deny the allegations in this

17   paragraph.

18        75.   Answering paragraph 75, Defendants deny the allegations in this

19   paragraph.

20        76.   Answering paragraph 76, Defendants deny the allegations in this

21   paragraph.

22

## DENIAL OF PRAYER FOR RELIEF

23        77.   Defendants deny that Plaintiffs are entitled to any relief, including but

24   not limited to the relief sought in their SAC.

25

## ADDITIONAL DEFENSES

26        78.   In further answer to Plaintiffs' unverified SAC, Defendants allege the

27   following additional defenses.  In asserting these defenses, Defendants do not

28

-8-

1  assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden
2  to prove.

### FIRST DEFENSE

#### (**Failure to State a Cause of Action**)

5      79.    As to Plaintiffs' SAC, or any purported cause of action therein alleged,
6  Plaintiffs fail to state facts sufficient to constitute claims upon which relief can be
7  granted against Defendants.

### SECOND DEFENSE

#### (**Statute of Limitations**)

10      80.    Plaintiffs' claims, in whole or in part, are barred by the applicable
11  statutes of limitations, including but not limited to, California Code of Civil
12  Procedure sections 338, 339 and 340, California Business & Professions Code
13  section 17208, and 29 U.S.C. section 225(a).

### THIRD DEFENSE

#### (**Estoppel**)

16      81.    Plaintiffs, by their conduct, are estopped to assert any cause of action
17  against Defendants.

### FOURTH DEFENSE

#### (**Waiver**)

20      82.    Plaintiffs' SAC, and each and every cause of action alleged therein, is
21  barred by the doctrine of waiver.

### FIFTH DEFENSE

#### (**Unclean Hands**)

24      83.    Plaintiffs' SAC, and each and every cause of action alleged therein, is
25  barred by the doctrine of unclean hands.

-9-

## SIXTH DEFENSE

### (Laches)

84.     Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendants and, thus, Plaintiffs' claims are barred by the equitable doctrine of laches.

## SEVENTH DEFENSE

### (Exemption)

85.     The SAC is barred to the extent Plaintiffs are suing for wages that they claim they were owed as non-exempt hourly employees.  At all times relevant and material herein, Plaintiffs were exempt from the overtime compensation requirements of the California Labor Code, the applicable Industrial Welfare Commission Wage Order and the Fair Labor Standards Act.

## EIGHTH DEFENSE

### (Good Faith Compliance)

86.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendants did not knowingly and intentionally fail to comply with the compensation provisions of California Labor Code sections 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that they did not violate the provisions of the California Labor Code or the applicable Industrial Welfare Commission Wage Order.

## NINTH DEFENSE

### (Good Faith Compliance)

87.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to any penalty award under section 226 of the California Labor Code since, at all times relevant and material herein, Defendants did not knowingly and intentionally fail to comply with this Code section, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the

-10-

1  California Labor Code or the applicable Industrial Welfare Commission Wage
2  Order and the Fair Labor Standards Act.

### TENTH DEFENSE

#### (Failure to Comply With Employer Instructions)

5  88.  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs
6  failed to comply with all the directions of their employer concerning the services for
7  which they were engaged (Lab. Code § 2856).

### ELEVENTH DEFENSE

#### (No Injunctive Relief)

10  89.  Plaintiffs' claims for injunctive relief are barred because Plaintiffs have
11  an adequate and complete remedy at law and/or Plaintiffs cannot make the requisite
12  showing to obtain injunctive relief in a labor dispute under California Labor Code
13  section 1138.1, *et seq.*

### TWELFTH DEFENSE

#### (Excessive Penalties Unconstitutional)

16  90.  The penalties claimed by Plaintiffs in this case are excessive and thus
17  violate Defendants' rights under the state and federal Constitutions.

### THIRTEENTH DEFENSE

#### (No Liability for Alleged Unlawful Wage Deductions)

20  91.  Plaintiffs' claims for unlawful wage deductions are barred because
21  Defendants did not unlawfully deduct from Plaintiffs' commissions, but rather the
22  commission adjustments at issue were a lawful part of the calculation of the
23  commission Plaintiffs were owed for their labor.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

26  92.  To the extent that Plaintiffs received wages or other compensation from
27  HSL to which they were not lawfully entitled, HSL is entitled to an offset for such
28  sums against any liability HSL is deemed to owe Plaintiffs.

-11-

### FIFTEENTH AFFIRMATIVE DEFENSE

### (**Additional Affirmative Defenses**)

93.     Defendants hereby give notice to Plaintiffs that they lack knowledge and information sufficient to form a belief as to the truth of numerous allegations contained in the Complaint, and until Defendants avail themselves of their right of discovery, they cannot determine whether any or all of these affirmative defenses will be asserted at trial.  For the same reasons, Defendants reserve the right to assert additional affirmative defenses as may be deemed warranted following completion of discovery.

### **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

3.     That Defendants be awarded the costs of suit incurred herein; and

4.     That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.


Dated:  May 27, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     _____
                    */s/ Paul Berkowitz*
THOMAS R. KAUFMAN
PAUL BERKOWITZ
Attorneys for Defendants
HOMESERVICES LENDING, LLC and
WELLS FARGO BANK, N.A.

SMRH:423893072.1                    DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
                                    CLAIM FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF